IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES<br>c/o C-III Asset Management LLC<br>5221 N. O'Connor Blvd, Suite 600<br>Irving, TX 75039<br><br>                                   Plaintiff,<br><br>   v.<br><br>PT.DUME SHOPPING CENTER, LLC<br>9301 Wilshire Boulevard, Suite 610<br>Beverly Hills, California 90210,<br><br>                                   Defendant. | CASE NO. 4:16-CV-00048<br><br>Judge |

## COMPLAINT IN MORTGAGE FORECLOSURE

1.  Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates ("Plaintiff"), acting by and through C-III Asset Management LLC, its special servicer and attorney-in-fact, is the trustee of a REMIC trust. Plaintiff is a national banking association organized under the National Bank Act, which exists under the authority of the Office of the Comptroller of the Currency, and is deemed to be a citizen of the State of South Dakota with its principal place of business at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. The main office of Plaintiff, as set forth in its articles of association, is located in the City of Sioux Falls, County of Minnehaha, State of South Dakota.

2.  Plaintiff is the successor by assignment to PNC Bank, National Association (the "Original Lender") in connection with the Note and Mortgage at issue in this action, as hereinafter defined.

3.  Upon information and belief, defendant Pt. Dume Shopping Center, LLC ("Defendant") is a California limited liability company, with its principal place of business at 9301 Wilshire Boulevard. Suite 610, Beverly Hills, California 90210. Upon information and belief, the members of Defendant are not citizens of the State of South Dakota.

4.  Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.  Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the property that is the subject of the action is situated in the judicial district of this Court.

**The Loan**

6.  On or about May 9, 2005, Original Lender made a loan to Defendant in the original principal amount of $3,925,000.00 (the "Loan") pursuant to the terms and conditions of that certain Promissory Note (the "Note") dated of even date therewith. A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "A".

7.  To secure payment of the sums due under the Note, Defendant executed and delivered to Original Lender that certain Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Mortgage") dated as of May 9, 2005 thereby conveying to it, a leasehold interest in the land hereinafter described, with the Mortgage, having been first duly acknowledged and the certificate of acknowledgement duly endorsed thereon, and recorded on July 10, 2006 in the State of Ohio, County of Mahoning Recorder's Office (the

"Recorder's Office") as Instrument Number 200500016977. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

8. The legal description of the mortgaged premises (the "Mortgaged Premises") is set forth on Exhibit "C" hereto. The Mortgaged Premises is located at 317 Boardman Poland Rd., Boardman, Ohio 44512 (Mahoning County Parcel Number 29-042-0-005.00).

9. To further secure payment of the sums due under the Note, Defendant executed that certain Assignment of Leases, Rents and Profits (the "Lease Assignment") in favor of Original Lender dated as of May 9, 2005 and recorded on May 17, 2005 with the Recorder's Office as Instrument Number 200500016978. A true and correct copy of the Lease Assignment is attached hereto and made a part hereof as Exhibit "D".

10. To further secure payment of the sums due under the Note, Defendant executed that certain Security Agreement And Lockbox Agreement (Single Tenant) (the "Lockbox Agreement") dated as of May 9, 2005; that certain Capital Improvement Escrow Agreement (the "Capital Improvement Escrow Agreement") dated as of May 9, 2005; and that certain TILC Escrow Agreement (the "TILC Escrow Agreement") dated as of May 9, 2005.

11. To further secure payment of the sums due under the Note, Defendant provided Original Lender with a security interest in, *inter alia*, the personal property of the Defendant, together with other items and things more fully identified in those certain UCC Financing Statements (the "UCC-1s") naming Defendant as Debtor and Original Lender as Secured Party, filed on May 11, 2005 with the California Secretary of State (the "Secretary of State") as File Number 05-7026487342 and recorded with the Recorder's Office on May 17, 2005 as Instrument Number 200500000286.

12. The Mortgaged Premises, together with any and all other rights, interests, and collateral pledged as security under the Mortgage, Lease Assignment, UCC-1s and other documents evidencing the Loan are collectively referred to as the "Mortgaged Property".

13. The Mortgage was assigned to Plaintiff herein pursuant to that certain Assignment of Mortgage Loan Documents (the "Assignment of Loan Documents") dated as of May 9, 2005 and recorded on January 3, 2006 with the Recorder's Office as Instrument Number 200600000087. A true and correct copy of the Assignment of Loan Documents is attached hereto and made a part hereof as Exhibit "E".

14. The parties entered into that certain First Amendment to the Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("First Amendment to Mortgage") dated September 4, 2007 and recorded October 15, 2007 with the Recorder's Office as Instrument 200700030346. A true and correct copy of the First Amendment to Mortgage is attached hereto and made a part hereof as Exhibit "F".

15. The UCC-1s were assigned to Plaintiff pursuant to those certain UCC Financing Statement Amendments (the "UCC-3s") filed on August 7, 2006 with the Secretary of State as File Number. 06-70807153 and recorded on October 11, 2006 with the Recorder's Office as Instrument No. 200600000698, and 200600037968. The UCC-3s were continued on December 5, 2014 with the Secretary of State as File Number 14-74378048, and recorded on December 5, 2014 as Instrument Number 201400000639, and 201400027949 with the Recorder's Office.

16. The Note, Mortgage, Lease Assignment, UCC-1s, Assignment of Loan Documents, Assignment of Lease Assignment and UCC-3s, together with any and all other documents evidencing and securing the Loan are hereinafter collectively referred to as the "Loan Documents."

17. Defendant is the record owner of the Mortgaged Property.

18. Plaintiff is the current holder of the Note and Mortgage and has physical possession of the original Note.

19. Upon information and belief, the Mortgage, Lease Assignment, UCC-1s, and UCC-3s are the first and best liens on the Mortgaged Property, excepting the lien for real estate taxes, as evidenced by the Commitment for Title Insurance (the "Title Commitment") effective January 4, 2016 a copy of which is attached hereto and made a part hereof as Exhibit "G".

**Defendant's Default under the Note and Mortgage**

20. Defendant is in default of its obligations to Plaintiff under the Loan Documents for, *inter alia*, failing to pay the balance of the principal sum, any unpaid interest and any other amount due (the "Indebtedness") under the Loan Documents. Specifically, the Loan matured on June 1, 2015 (the "Maturity Date").

21. Defendant is also in default for failing to remit to Plaintiff the Gross Income, as that term is defined in the Lockbox Agreement. Specifically, and as of June 1, 2015 and continuing to the present, and contrary to its obligations under the Loan Documents, Defendant has only made partial remittances of Gross Income.

22. Defendant is in further default of the cross-collateralization provisions of the Mortgage. The Mortgage also served to secure the Indebtedness evidenced by other promissory notes executed by Defendant and secured by Defendant's other properties.

23. In violation of the Assignment of Leases and Rents for the Petco, Canton, Ohio Property, one of the properties identified in the loan documents as additional mortgaged property, Defendant improperly terminated a lease for the Petco, Canton, Ohio Property and entered into that certain Termination of Lease and Release Agreement (the "Lease Termination

5

Agreement") dated as of February 19, 2014 without Plaintiff's consent, in direct contravention of the Assignment of Leases and Rents. A true and accurate copy of the Petco, Canton, Ohio Property Assignment of Leases and Rents is attached as <u>Exhibit H</u>. A true and accurate copy of the Petco, Canton, Ohio Property Lease Termination Agreement is attached as <u>Exhibit I</u>.

24. Defendant agreed to an early lease termination of Defendant's lease (the "Petco Lease") with Petco Animal Supplies Stores, Inc. ("Tenant"), and further agreed to accept a Termination Payment, under the Lease Termination Agreement, as defined therein, in the amount of $1,000,000.00 from Tenant. Defendant thereafter entered into a lease for the Property with BargMax (the "New Lease").

25. Defendant failed to pay to Plaintiff the Termination Payment and also failed to accurately account for the Termination Payment in its year end 2014 Operating Statement ("2014 Operating Statement") as required by the parties' agreements.

26. Defendant's actions with regard to the Petco, Canton, Ohio Property constituted defaults under the Petco, Canton, Ohio Property loan documents and, therefore, an Event of Default pursuant to the Cross-Default provision in paragraph l.(b) of the Mortgage.

27. Based on each of the Defendant's default, together with any and all other defaults by Defendant under the Loan Documents, Plaintiff has declared the Loan in default in accordance with the terms of the Note and the Mortgage and accelerated the sums due under the Loan Documents (collectively, the "Indebtedness").

28. Payment of the balance of the Indebtedness (together with attorneys' fees and costs and continuing interest, as more fully described below, collectively, the "Indebtedness") remains due and owing. As of December 21, 2015, Defendant owes:

Principal: $ 3,134,638.23

| | |
|---|---|
| Note Interest at 5.6% (paid thru 12/31/15) | $ 0.00 |
| Default Interest at 4.0% (2/19/14- 12/21/15) | $247,436.97 |
| Late Fees: | $ 165,562.94 |
| Noteholder Costs and Expenses | $34,562.63 |
| Protective Advances (Title Update): | $1,844.17 |
| Doc/Process/Release Fee | $500.00 |
| **Total:** | **$3,584,544.94** |

In addition thereto, and consistent with the terms and conditions set forth in the Loan Documents, Defendant owes Plaintiff continuing attorneys' fees and costs together with per diem interest at the regular rate and continuing per diem interest at the default rate until the Mortgaged Property is sold at foreclosure sale, as well as costs incurred to confirm and complete the foreclosure. See Affidavit of Christopher Hamilton attached hereto and made a part hereof as Exhibit "J".

### FIRST CAUSE OF ACTION – BREACH OF PROMISSORY NOTE

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. The Note is a valid and enforceable agreement between Plaintiff and Defendant.

31. Plaintiff has fully complied with all of its obligations contained in the Note.

32. Defendant has breached the Note and defaulted under its obligations set forth in the Note by failing to pay the entire amount of the Indebtedness on or before the Maturity Date.

33. The entire amount of the Indebtedness remains due and owing as of the date of this Complaint.

34. As a result of Defendant's breach, Plaintiff has suffered, and will continue to

7

suffer, monetary damage in the amount of $3,584,544.94, plus interest, costs and ongoing attorneys' fees.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC in the amount of $3,584,544.94, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

## SECOND CAUSE OF ACTION- BREACH OF LOCKBOX AGREEMENT

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. The Lockbox Agreement is a valid and enforceable agreement between Plaintiff and Defendant.

37. Plaintiff has fully complied with all of its obligations contained in the Lockbox Agreement.

38. Defendant has breached the Lockbox Agreement and defaulted under its obligations set forth in the Lockbox Agreement by failing to remit to Plaintiff the Gross Income, as that term is defined in the Lockbox Agreement. Specifically, and as of June 1, 2015 and continuing to the present, and contrary to its obligations under the Loan Documents, Defendant has only made partial remittances of Gross Income.

39. As a result of Defendant's breach, Plaintiff has suffered, and continues to suffer, monetary damage in the amount of in excess of $75,000.00, to be proven at trial.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered

Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC in the amount of excess of $75,000.00, to be proven at trial, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

### THIRD CAUSE OF ACTION- MORTGAGE FORECLOSURE

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendant is a party herein because it is an obligor and mortgagor under the Loan Documents, and to extinguish any interest that it has or may have in and to the Mortgaged Property.

42. Any interest or lien which any defendant herein has, or may claim to have, in or upon the Mortgaged Property, or any part thereof, is subject and subordinate to the liens of the Mortgage, Assignment of Loan Documents and UCC-3s.

43. Plaintiff has a valid and subsisting first mortgage lien on the Mortgaged Property, excepting the lien for real estate taxes, and is entitled to foreclose its lien.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC as follows:

A. Fixing the amount due under the Note and the Mortgage at $3,584,544.94 together with continuing per diem interest thereon in the amount of $487.61 per day at the regular rate from and after December 31, 2015 and continuing per diem interest thereon in the

amount of $435.37 per day at the default rate from and after December 21, 2015, until the Mortgaged Property is sold at foreclosure sale, together with any and all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees and costs of this action;

B. Ordering that the liens of the Mortgage, Assignment of Loan Documents, and the UCC-3s be adjudged valid and subsisting first liens on the Mortgaged Property, excepting the lien for real estate taxes;

C. Ordering that the Mortgage be foreclosed and cancelled;

D. Foreclosing all right, title, lien and equity of redemption which said Defendant and all those claiming by, through or under it have or had in the Mortgaged Property and ordering that said Mortgaged Property be sold;

E. Finding that Defendant has knowingly and voluntarily waived any and all statutory right of redemption, which Defendant and all those claiming by, through or under it has or had in the Mortgaged Property;

F. Ordering that the Mortgaged Property be sold and the proceeds of such sale be applied first in payment of the judgment of the Plaintiff;

G. Ordering that Defendant be required to set forth any claim, lien or interest which he, she or it may have or claim to have in or upon the Mortgaged Property or be forever barred therefrom;

H. Ordering that all liens be marshaled;

I. Ordering that Plaintiff may exercise its rights as to all rents, issues and profits generated by or associated with the Mortgaged Property and apply such rents, issues and profits to amounts due and owing Plaintiff pursuant to the Note;

J. Ordering that Plaintiff be entitled to an immediate order of possession to recoup the collateral described in the UCC-3s or, in the alterative, to have such collateral included in the appraisal of the Mortgaged Property and auctioned off as part of the Mortgaged Property;

K. Appointing a receiver to operate and manage the Mortgaged Property during the pendency of this action, and authorizing said receiver to make and conduct a public sale of the Mortgaged Property pursuant to 28 U.S.C. § 2001;

L. For all costs and expenses, including attorneys' fees, incurred by Plaintiff in pursuing this action; and

M. Ordering such other relief as this Honorable Court shall deem appropriate.


                              DINSMORE & SHOHL LLP

Date: January 8, 2016        By: *s/Joseph C. Krella*
                              Joseph C. Krella, Esquire (0083527)
                              Fifth Third Center
                              1 S. Main St., Suite 1300
                              Dayton, OH 45402
                              T: (937)463-4926; F: (937)449-6405
                              Joseph.krella@dinsmore.com
                              *Attorney for Plaintiff*